UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN RICE | CIVIL ACTION |
| VERSUS | NO.  13-4940 |
| STATE OF LOUISIANA | SECTION "C"(2) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Calvin Rice, is a prisoner presently incarcerated in the Rapides Parish Correctional Center in Alexandria, Louisiana. He is serving a five-year prison sentence after his 2011 conviction in Rapides Parish for second degree battery.[2] Rice's petition references three prior criminal convictions in Orleans Parish Criminal District Court Case Nos. 347-864, 394-951 and 414-381. Each is briefly outlined in chronological order below.

   A.   Orleans Parish Case No. 347-864

In Case No. 347-864, Rice was charged by bill of information on February 7, 1991, in Orleans Parish with one count of aggravated burglary of an inhabited dwelling and one count of attempted aggravated rape.[3] On January 30, 1992, the State amended the charges to one count of unauthorized entry of an inhabited dwelling and one count of attempted sexual battery.[4] That same day, Rice entered guilty pleas to each of the amended counts as established in the record, including his signed guilty plea forms.[5]

---

[2] Rec. Doc. No. 5; Rec. Doc. No. 19-1, p.1.

[3] St. Rec. Vol. 1 of 12, Bill of Information, 347-864, 2/7/91.

[4] St. Rec. Vol. 1 of 12, Minute Entry, 347-864, 1/30/92.

[5] St. Rec. Vol. 1 of 12, Minute Entry, 347-864, 1/30/92; Plea of Guilty (Count 1), 347-864, 1/30/92; Plea of Guilty (Count 2), 347-864, 1/30/92.

After waiver of legal delays, the state trial court sentenced Rice to serve concurrent terms of three years in prison at hard labor on each count, with credit for time served, and with the balance of the jail sentence suspended.[6] The court placed Rice on active probation on both counts for three years. As to the sexual battery count, the court also ordered Rice to pay a fine of $600.00.

Rice paid the fine in full by September 2, 1992.[7] He also successfully completed his probation period on January 30, 1995.[8]

B.    Orleans Parish Case No. 394-951

On January 16, 1998, Rice was charged by bill of information in Orleans Parish with one count of possession of cocaine.[9] He was tried by a jury on July 6, 1998, and was found guilty of attempted possession of cocaine.[10] The state trial court sentenced him on July 13, 1998, to serve 15 months in prison at hard labor.[11]

---

[6] Id.

[7] St. Rec. Vol. 1 of 12, Minute Entry, 347-864, 9/2/92.

[8] Rec. Doc. No. 19-1, p.1.

[9] St. Rec. Vol. 4 of 12, Bill of Information, 394-951, 1/16/98.

[10] St. Rec. Vol. 4 of 12, Trial Minutes (2 pages), 394-951, 7/6/98; Jury Verdict, 7/6/98.

[11] St. Rec. Vol. 4 of 12, Sentencing Minutes, 394-951, 7/13/98.

That same day, the State filed a multiple offender bill based on Rice's prior conviction in Case No. 347-864 for attempted sexual battery.[12] On July 13, 1998, Rice entered a guilty plea to the multiple offender bill and, after waiver of legal delays, was sentenced as a multiple offender to 15 months in prison at hard labor with credit for time served.[13] His conviction was affirmed on appeal by the Louisiana Fourth Circuit Court of Appeal on July 26, 2000.[14] While the appeal was pending, Rice served his sentence and was released on April 14, 1999.[15]

On December 2, 2001, more than two years after his release, Rice submitted an application for post-conviction relief to the state trial court.[16] Rice alleged in the application that the statute under which he had been convicted was unconstitutional because of the lack of evidence against him and that the state trial court exceeded its jurisdiction in charging the jury on the responsive verdicts. The state trial court dismissed the application as meritless on December 17, 2001.[17]

---

[12] St. Rec. Vol. 4 of 12, Multiple Bill, 7/13/98.

[13] St. Rec. Vol. 4 of 12, Plea Minutes, 394-951, 7/13/98; Waiver of Rights-Plea of Guilty Multiple Offender, 7/13/98.

[14] State v. Rice, 786 So.2d 979 (2000) (Table).

[15] Rec. Doc. No. 19-1, p.1.

[16] St. Rec. Vol. 4 of 12, Uniform Application for Post-Conviction Relief, dated 12/3/01. By that time, Rice was back in jail on the subsequent charge to be addressed infra.

[17] St. Rec. Vol. 4 of 12, Trial Court Judgment, 12/17/01.

The Louisiana Fourth Circuit denied Rice's related writ application on February 13, 2002, finding no error in the trial court's ruling.[18] On February 21, 2003, the Louisiana Supreme Court also denied relief on his writ application without stated reasons.[19]

### C. Orleans Parish Case No. 414-381

On May 11, 2000, Rice was charged by bill of information in Orleans Parish with one count of possession of crack cocaine.[20] He was tried by a jury on August 8, 2000, and found guilty as charged.[21] Based on the State's multiple offender bill, Rice was sentenced on September 8, 2000, as a third offender to serve life in prison.[22]

On direct appeal, the Louisiana Fourth Circuit affirmed the conviction but remanded the matter for resentencing on the multiple bill.[23] The Louisiana Supreme Court denied relief on his related writ application on September 13, 2002.[24] Although

---

[18]St. Rec. Vol. 5 of 12, 4th Cir. Order, 2002-K-0035, 2/13/02.

[19]State ex rel. Rice v. State, 837 So.2d 619 (La. 2003); St. Rec. Vol. 7 of 12, La. S. Ct. Order, 2002-KH-0808, 2/21/03.

[20]St. Rec. Vol. 8 of 12, Bill of Information, 414-381, 5/11/00.

[21]St. Rec. Vol. 8 of 12, Trial Minutes, 414-381, 8/8/00.

[22]St. Rec. Vol. 8 of 12, Sentencing Minutes, 9/8/00; Multiple Bill, 8/22/00.

[23]State v. Rice, 807 So.2d 350 (La. App. 4th Cir. 2002); St. Rec. Vol. 10 of 12, 4th Cir. Opinion, 2001-KA-0215, 1/16/02.

[24]State v. Rice, 824 So.2d 1186 (La. 2002); St. Rec. Vol. 12 of 12, La. S. Ct. Order, 2002-K-0513, 9/13/02.

5

Rice was resentenced, the Louisiana Fourth Circuit on June 9, 2004, remanded the matter for a second time directing that a new multiple offender hearing and resentencing be held.[25]

Rice eventually entered a guilty plea to a later-filed multiple offender bill which was based on the 1992 unauthorized entry conviction from Case No. 347-864.[26] He was resentenced by the state trial court on January 10, 2005, to serve only five years in prison at hard labor with credit for time served.[27] He completed the sentence on April 24, 2005, and was released without parole restrictions.[28]

D.   Current Incarceration, Rapides Parish Case No. 305680-01

Rice is currently serving a five-year prison sentence for his 2011 conviction in Rapides Parish on one count of second degree battery, which was designated by the court as a crime of violence.[29] The record does not reflect, and my research does not reveal, that Rice sought review of this conviction and sentence in the Louisiana appellate or supreme courts.

---

[25]State v. Rice, 874 So.2d 439 (La. App. 4th Cir. 2004) (Table); St. Rec. Vol. 8 of 12, 4th Cir. Opinion, 2004-KA-0138, 6/9/04.

[26]St. Rec. Vol. 8 of 12, Plea of Guilty Form, 1/10/05; Multiple Bill, 3/17/03.

[27]St. Rec. Vol. 8 of 12, Sentencing Minutes, 1/10/05.

[28]Rec. Doc. No. 19-1, p.1.

[29]Rec. Doc. No. 5, p. 30.

Instead, according to the attachments to his petition, Rice apparently began administrative remedy proceedings in 2012 with the Louisiana Department of Corrections ("DOC") requesting that he be allowed to earn good-time credits.[30] According to the opinion of a commissioner in the 19th Judicial District Court for East Baton Rouge Parish, Rice's requests were properly denied by the DOC in accordance with Louisiana law prohibiting an offender in his position; i.e., one with convictions for two crimes of violence, from qualifying to earn good-time credits.[31] The two crimes of violence were identified as the 1992 attempted sexual battery conviction in Orleans Parish and the current second degree battery conviction in Rapides Parish.

The state district judge adopted the commissioner's recommendations and dismissed Rice's appeal on May 28, 2013.[32] The record does not reflect and my research has not located any attempt by Rice to seek further review of the order from the 19th Judicial District Court as provided by state law.

## II.   FEDERAL HABEAS PETITION

Rice filed the instant petition on the form reserved for federal habeas corpus petitions under 28 U.S.C. § 2254.  Construing this petition and its attachments broadly,

---

[30]See, Rec. Doc. No. 5, p. 27, Commissioner's Report, 19th Judicial District Court, 612,766, 4/12/13; see also, Rec. Doc. No. 5, p. 32, Second Step Response Form, HDQ-2012-0378, 3/13/12; p. 33, Second Step Response Form, HDQ-2012-0378, 10/10/12.

[31]Id., p. 28.

[32]Rec. Doc. No. 5, p. 35, Judgment from the 19th Judicial District Court, 5/28/2013.

Rice asserts that he was never convicted of the 1992 Orleans Parish attempted sexual battery charge in Case No. 347-864.  In his supporting brief,[33] Rice acknowledges that he entered a guilty plea in 1992 to the unauthorized entry of an inhabited dwelling charge in that same case.  He denies, however, that he entered a guilty plea to the charge of attempted sexual battery and claims that the state court record does not contain a signed guilty plea form for that charge.

Alternatively, Rice argues that, if there was a conviction for attempted sexual battery, it was the result of ineffective assistance of counsel, since the police report showed that he did not do anything to the victim.  Rice claims that he was told by police and his probation officer at the time that the charge should not have been accepted for prosecution.

He concludes that, as a result, the conviction for attempted sexual battery should not have been used against him in the multiple offender bill in Case No. 414-381, and his sentence to life imprisonment as a habitual offender for possession of crack cocaine was unconstitutional.  He seeks $20,000.00 in monetary compensation for his false imprisonment and mental anguish arising from that sentence.

---

[33]Rice attached the document "Motion to Complaint for Mental Anguish" which has been construed as a memorandum in support of his habeas petition.  Rec. Doc. No. 5, p. 16.

In its answer in opposition to Rice's petition, the State argues that Rice is not entitled to recover monetary damages in a habeas corpus proceeding.[34] In addition, the State contends that Rice is not in custody for purposes of habeas corpus review of the three prior Orleans Parish convictions. As a result, any challenge he may have to his current conviction and sentence should be transferred to or asserted in the United States District Court for the Western District of Louisiana with jurisdiction over Rapides Parish. The State also contends, alternatively, that assuming Rice is in custody related to any of the prior Orleans Parish convictions, his petition is not timely filed.

## III. CONVICTIONS BEING CHALLENGED

The record reflects and I find that Rice is currently and only incarcerated to serve the five-year prison sentence imposed after his 2011 conviction in Rapides Parish for second degree battery.[35] His current sentence was imposed on September 26, 2011, with the understanding that a "Habitual Offender Bill will not be filed."[36] Since his current sentence was not enhanced under a multiple offender bill, his claims challenging the use of the 1992 attempted sexual battery to enhance his sentence lack any factual basis.

The only other conceivable connection between his current incarceration and the 1992 conviction for attempted sexual battery is derived from copies of the administrative

---

[34] Rec. Doc. No. 19.

[35] Rec. Doc. No. 19-1, p.1; Rec. Doc. No. 5, p. 30.

[36] Rec. Doc. No. 5, p. 30.

9

grievance proceedings and related state court pleadings attached to Rice's brief in support of this petition. As outlined above, those documents show that Rice filed a challenge in the 19th Judicial District Court to the DOC's denial of his request to be granted good-time eligibility. In those materials, Rice complained of the DOC's apparent use of the 1992 conviction as a crime of violence to determine that he was not eligible for good-time credits.

Rice has not asserted any issue in this court related to his good-time eligibility or to the calculation or implementation by the DOC of his current five-year sentence. If he had asserted such claims, this court would not be the proper venue under 28 U.S.C. § 2241 to consider them.[37] Nevertheless, even if his petition is broadly construed, Rice simply does not challenge the conviction or sentence for which he is currently confined. Instead, he challenges the existence of his 1992 Orleans Parish conviction for attempted

---

[37]A habeas petition which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" is properly considered under the general habeas authority of 28 U.S.C. § 2241. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); Frees v. Maye, 441 F. App'x 285, 286 (5th Cir. 2011); Stewart v. Cain, 71 F.3d 879, 1995 WL 727244, at *1 (5th Cir. 1995) (Table, Text in Westlaw); see also, Lee v. Wetzel, 244 F.3d 370, 373 n.3 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Under Section 2241(d), federal courts have traditionally held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district court in which the petitioner is in custody, and challenges to the legality of the conviction or sentence are better heard in the district court where the state conviction and sentencing occurred. See Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000); Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970); see also, Pack, 218 F.3d at 451 (a petition challenging the execution of a sentence "must be filed in the same district where the prisoner is incarcerated."); Frees, 441 F. App'x at 286 (same). Rice's current conviction was in Rapides Parish, which also is where he is incarcerated. Any federal habeas petition challenging the execution of his current sentence should be presented to the United States District Court for the Western District of Louisiana. See 28 U.S.C. § 98(c).

sexual battery, and its use to enhance his sentence under the multiple offender bill filed after his 2000 Orleans Parish conviction for possession of crack cocaine for which he claims to have received an unconstitutional life sentence, which he has never and is not serving. These are the only claims presented to this court.

I reiterate: Rice is <u>not</u> serving a life sentence at this time. He initially received an enhanced sentence of life imprisonment as a multiple offender for possession of crack cocaine in Case No. 414-381, and the multiple offender bill was based on the 1992 conviction for attempted sexual battery. That sentence, however, was vacated by the Louisiana Fourth Circuit on direct appeal.[38] Rice's ultimate sentence of five years in prison was enhanced under a later-filed multiple offender bill that did <u>not</u> include the attempted sexual battery conviction as a predicate offense.[39]

Thus, Rice is not serving a life sentence for possession of crack cocaine enhanced under a multiple bill based on the 1992 conviction for attempted sexual battery. There is no factual basis for the claims he now asserts. Nevertheless, even if such a claim could be gleaned from the record, this court would be without jurisdiction to consider Rice's petition for the following reasons.

---

[38] State v. Rice, 807 So.2d 350 (La. App. 4th Cir. 2002); St. Rec. Vol. 10 of 12, 4th Cir. Opinion, 2001-KA-0215, 1/16/02.

[39] St. Rec. Vol. 8 of 12, Multiple Bill, 3/17/03.

11

IV.     REQUEST FOR MONETARY RELIEF

As redress for his allegedly invalid Orleans Parish convictions and sentences, Rice seeks monetary damages in the amount of $20,000.00. His request for monetary relief cannot be properly asserted in this habeas proceeding. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Powell v. Warden, Avoyelles Corr. Center, No. 2013 WL 3778887, at *8 (W.D. La. Jul. 15, 2013) (citing 28 U.S.C. § 2254). "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Preiser, 411 U.S. at 494. Even in the Section 1983 context, the Supreme Court has made clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Converting this pleading to a complaint under Section 1983 would be a vain and useless act because Rice cannot show that his Orleans Parish convictions have been called into doubt as defined by the Supreme Court in a manner that would entitle him to pursue monetary relief in a Section 1983 proceeding under Heck. He has not received post-conviction relief in the state courts, and for the following reasons, he also is not

entitled to habeas relief from this federal court. His request for monetary relief must be denied.[40]

## V.    LACK OF SUBJECT MATTER JURISDICTION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[41] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Rice's petition which, for reasons discussed below, is deemed filed in this federal court on April 29, 2013.[42]

The threshold questions in habeas review under the AEDPA are whether the petition is timely and whether the petitioner's claims were adjudicated on the merits in

---

[40] As held by the Fifth Circuit in Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), denial of any Section 1983 claim for damages under Heck would be with prejudice.

[41] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[42] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Rice dated his signature on his original submission to the court on April 29, 2013. Rec. Doc. No. 5, pp. 18, 19. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.

state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In addition, 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" at the time the petition is filed for the conviction or sentence under attack. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 400-401 (2001); Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009). In Lackawanna, the Supreme Court recognized a single exception to this rule relating to Sixth Amendment claims of failure to appoint counsel. No such claim is made in this case, and I am unaware of any exception to the rule that would apply to the claims asserted in this petition.[43]

Whether a petitioner is "in custody" is determined as of the date the federal habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S.

---

[43] As explained by the Sixth Circuit in Abdus-Samad v. Bell, 420 F.3d 614, 630 (6th Cir. 2005), a three-justice plurality of the Lackawanna Court speculated that other exceptions to this rule of federal habeas non-reviewability might exist in other circumstances, including (1) where a state court, without justification, has refused to rule on a properly presented constitutional claim, and (2) where a defendant subsequently obtains compelling evidence of his actual innocence. Even these circumstances do not exist in this case.

234, 238 (1968); Port v. Heard, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. Carafas, 391 U.S. at 238; Port, 764 F.2d at 425.

As the United States Supreme Court held in Lackawanna, when a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that old conviction. That is what Rice appears to do here. Rice's petition is deemed filed in this court on April 29, 2013. Although he was incarcerated on the filing date, I find that he was not in custody at that time for the convictions he is now challenging. He fully completed his sentences for each of his Orleans Parish convictions well before the filing of the instant habeas petition.

Rice entered guilty pleas on January 20, 1992, in Case No. 347-864 to both of the amended charges of unauthorized entry of an inhabited dwelling and attempted sexual battery.[44] He completed the concurrent probation periods served on those convictions on January 30, 1995.[45] He, therefore, was released from those sentences more than 18 years before filing the instant petition for habeas corpus relief.

---

[44]St. Rec. Vol. 1 of 12, Minute Entry, 347-864, 1/30/92; Plea of Guilty (Count 1), 347-864, 1/30/92; Plea of Guilty (Count 2), 347-864, 1/30/92.

[45]Rec. Doc. No. 19-1, p.1; St. Rec. Vol. 1 of 12, Minute Entry, 347-864, 9/2/92.

Rice was convicted after a jury trial on July 6, 1998, for the attempted possession of cocaine charge in Case No. 394-951.[46] The prior attempted sexual battery charge was the basis of the multiple offender bill filed by the State in that case.[47] After his plea of guilty to the multiple bill, he was sentenced as a multiple offender on July 13, 1998, to 15 months in prison at hard labor with credit for time served.[48] Rice completed his sentence on April 14, 1999.[49] He, therefore, was released from that sentence more than 14 years before filing the instant federal petition for habeas corpus relief.

Rice was later convicted after a jury trial on August 20, 2000, for possession of crack cocaine.[50] After two remands of the multiple offender proceedings, Rice was sentenced on January 10, 2005, as a multiple offender to serve five years in prison at hard labor with credit for time served.[51] Rice completed the sentence on April 24, 2005, which was more than eight years before he filed the instant federal habeas petition.[52]

---

[46]St. Rec. Vol. 4 of 12, Trial Minutes (2 pages), 394-951, 7/6/98; Jury Verdict, 7/6/98.

[47]St. Rec. Vol. 4 of 12, Multiple Bill, 7/13/98.

[48]St. Rec. Vol. 4 of 12, Plea Minutes, 394-951, 7/13/98; Waiver of Rights-Plea of Guilty Multiple Offender, 7/13/98.

[49]Rec. Doc. No. 19-1, p.1.

[50]St. Rec. Vol. 8 of 12, Trial Minutes, 414-381, 8/8/00.

[51]St. Rec. Vol. 8 of 12, Sentencing Minutes, 1/10/05; Plea of Guilty Form, 1/10/05; Multiple Bill, 3/17/03; State v. Rice, 874 So.2d 439 (La. App. 4th Cir. 2004) (Table); St. Rec. Vol. 8 of 12, 4th Cir. Opinion, 2004-KA-0138, 6/9/04.

[52]Rec. Doc. No. 19-1, p.1.

For these reasons, Rice was <u>not</u> at the time the petition was filed in custody pursuant to, or for purposes of challenging, any of his Orleans Parish convictions and those convictions are "regarded as conclusively valid." <u>Lackawanna</u>, 534 U.S. at 403. This court, therefore, lacks subject matter jurisdiction to review his petition as a challenge to the 1992 conviction and sentence for attempted sexual battery or either of his subsequent Orleans Parish drug convictions.  The petition should be dismissed for that reason, without need to address the other defenses raised by the State.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Rice's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[53]

New Orleans, Louisiana, this ___12th___ day of May, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[53]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.