UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN RICE | CIVIL ACTION |
| VERSUS | NO.   13-4940 |
| STATE OF LOUISIANA | SECTION: "C" (2) |

## ORDER AND REASONS

Before this Court is a Motion to Review Judgment brought by the *pro se* plaintiff, Calvin Rice. Rec. Doc. 24. Having considered the record, the law and the failure of any party to file an opposition, the Court has determined that the Motion to Review Judgment is DENIED for the following reasons.

## FACTUAL SUMMARY

The plaintiff, Calvin Rice, is a state inmate who is currently serving a sentence of five years at hard labor following a 2011 conviction in Rapides Parish for second degree battery. Rec. Doc. 19 at 1. The plaintiff has three prior criminal convictions in Orleans Parish. Rec. Doc. 20 at 2. A brief description of those convictions follows.

On February 7, 1991, the plaintiff was charged with one count of aggravated burglary of an inhabited dwelling and one count of attempted aggravated rape. *Id*. The state amended the charges and the plaintiff pled guilty to one count of unauthorized entry of an inhabited dwelling and one count of attempted sexual battery on January 30, 1992. *Id*. The trial court sentenced him to three years at hard labor, suspended, with three years of active probation as to each count and

a fine of $600 as to the conviction for attempted sexual battery. *Id*. He subsequently paid the fine in full and completed his probation period on January 30, 1995. *Id*.

Six years later, on January 16, 1998, the plaintiff was charged with one count of possession of cocaine. Rec. Doc. 20 at 3. On July 6, 1998, he was tried by a jury and convicted of attempted possession of cocaine. *Id*. On the day of his conviction, the State filed a multiple offender bill based on the prior conviction for attempted sexual battery. Rec. Doc. 20 at 4. The plaintiff pled guilty to the multiple offender bill, served a 15 month prison sentence, and was released on April 14, 1999. *Id*.

In his final Orleans Parish conviction, the plaintiff was charged on May 11, 2000, with one count of possession of crack cocaine. *Id*. at 5. He was found guilty after a jury trial and sentenced to life imprisonment under the State's multiple offender bill. *Id*. The plaintiff appealed the sentence to the Louisiana Fourth Circuit and the matter was remanded. *Id*. at 6. A new sentencing and multiple offender hearing was held and the plaintiff pled guilty to a separate multiple offender bill based on his 1992 unauthorized entry conviction. Rec. Doc. 20 at 6. On January 10, 2005, the plaintiff was resentenced to serve five years in prison at hard labor with credit for time served. *Id*. He was released from prison on April 24, 2005. *Id*.

The plaintiff filed a 28 U.S.C. § 2254 petition on July 31, 2013. Rec. Doc. 5. In his petition, the plaintiff asserted that he was never convicted of the 1992 attempted sexual battery charge and that if he was convicted it was the result of ineffective assistance of counsel. *Id*. at 17. He also argued that the conviction for attempted sexual battery should not have been used against him in the year 2000 multiple offender bill. *Id*. Finally, the plaintiff sought $20,000 in compensation for false imprisonment and mental anguish. *Id*. at 15.

On May 12, 2014, a Magistrate Judge's Report was issued recommending that the plaintiff's § 2254 petition be dismissed with prejudice because monetary damages are not recoverable in a habeas petition and because "the plaintiff is not in custody for purposes of habeas corpus review of the three prior Orleans Parish convictions." Rec. Doc. 20 at 9. Instead, the plaintiff is "in custody" for habeas purposes only as to the Rapides Parish conviction for second degree battery. *Id*. Alternatively, the Report stated that if the plaintiff is in custody related to the prior Orleans Parish Convictions, the petition is not timely filed. *Id*. This Court adopted the Magistrate Judge's Report and Recommendation denying the plaintiff's petition for habeas corpus on June 23, 2014. Rec. Doc. 21.

## ANALYSIS

In the Motion to Review at issue, the plaintiff asks the Court to reconsider its Order adopting the Magistrate Judge's Report and Recommendation and denying the plaintiff's petition for habeas corpus. Rec. Doc. 24. The plaintiff's "Motion to Review" will be treated as a motion for reconsideration, which is governed by Federal Rule of Civil Procedure 60. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) permits a party to seek relief from a final judgment under any of the following circumstances:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed.R.Civ.P. 60(b). A Rule 60(b) motion is meant to challenge "not the substance of the federal

3

court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. A party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence" to be successful on a motion for reconsideration. *Ross v. Marshall*, 426 F.3d 745,763 (5th Cir.2005). Similarly, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." *Templet v. HydroChem Inc.*, 367 F.3d. 473, 478-79 (5th Cir. 2004).

The plaintiff's motion for reconsideration attempts to rehash the same arguments that he argued in his original habeas petition. Specifically, the plaintiff argues that he never pled guilty to the 1992 attempted sexual battery charge. Rec. Doc. 24 at 2. As the Magistrate Judge determined in the Report and Recommendation, this argument is not valid because the plaintiff is not "in custody" for the attempted sexual battery charge for purposes of habeas corpus review. Rec. Doc. 20 at 17. Additionally, the plaintiff's motion to reconsider does not allege facts sufficient to support a Rule 60(b) motion because it merely reasserts the same claims made in the plaintiff's original habeas petition.

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Review Judgment is DENIED. Rec. Doc. 24.

New Orleans, Louisiana, this __24th____ day of ____ July_____, 2014.

_____
**UNITED STATES DISTRICT JUDGE**